**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH STAFFORD, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 23 C 3173 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| MARCIN CHOJNACKI, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**OPINION AND ORDER**

Pending before the Court is Defendant Robert Rixer's Motion to Dismiss Count I and Count VI of Plaintiff's Amended Complaint. (Dkt. 118). For the reasons below, the Court denies Rixer's Motion to Dismiss [118]. Because Plaintiff's Amended Complaint simply added defendants and contains identical factual allegations with respect to the RICO claim against Rixer, the Court assumes familiarity with the factual background outlined in its December 6, 2023 Memorandum Opinion denying Defendants' earlier Motion to Dismiss. (Dkt. 45)

**LEGAL STANDARD**

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570 (7th Cir. 2023) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.' " *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). The Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences

1

in his favor." *Id.* (citing *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016)). Yet, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[,]" are not enough. *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual content must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

For claims sounding in fraud, Federal Rule of Civil Procedure 9(b) requires plaintiffs to "state with particularly the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Thus, a plaintiff must "describe the 'who, what, when, where, and how' of the fraud—'the first paragraph of any newspaper story.' " *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)).

## DISCUSSION

### I. Successive Rule 12(b)(6) Motions to Dismiss

As a preliminary matter, Plaintiff argues that Rixer should not be permitted to contest the plausibility of Plaintiff's RICO claim for the second time in a successive motion to dismiss under Rule 12(b)(6). (Dkt. 130 at 1–3); Fed. R. Civ. P. 12(b)(6). In the Seventh Circuit, however, the law is that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Earlier in this litigation, Rixer joined Defendant Chase Real Estate, LLC's Motion to Dismiss Plaintiff's initial Complaint, which argued that Plaintiff failed to state a RICO claim under 18 U.S.C. § 1962(c) (Count I). (Dkt. 25 at 6–9; Dkts. 26, 31). Specifically, Defendants argued that Plaintiff generally failed to plead a distinct enterprise, failed to plead the predicate acts with requisite specificity, and improperly attributed all alleged predicate acts to all Defendants. (Dkt. 25 at 6–9). Now, Rixer repeats similar

2

arguments, albeit re-tailored to specifically address the plausibility of the RICO claim against him. (Dkt. 113 at 1–4). While rehashing Rule 12(b)(6) arguments already made in a prior motion to dismiss denied by the Court may not be advisable, it is permissible under Rule 12(h). *Ennenga*, 677 F.3d at 773 ("Stated differently, Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement.").

## II. Plausibility of Plaintiff's RICO Claim Against Defendant Rixer (Count I)

In Count One, Plaintiff asserts that Rixer violated § 1962(c).[1] 18 U.S.C. § 1962(c); (Am. Compl., Dkt. 102 ¶¶ 149–59). Under § 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim under § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001); *accord Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 587–88 (7th Cir. 2017). Before diving into the RICO allegations, it is worth noting that the complaints in the fifteen related cases pending before this Court—all describing the same RICO conspiracy and RICO enterprise comprised of the same or similar defendants[2]—give Plaintiffs' claims a plausibility boost. *See Pirelli Armstrong*

---

[1] Plaintiff does not allege that Rixer engaged in a RICO conspiracy under § 1962(d). (Am. Compl., Dkt. 102 ¶¶ 160–67).

[2] *See* Am. Complaint, *Malik v. Prairie Rainor LLC*, No. 23-cv-01182, (Dkt. 5); Am. Complaint, *Shankar v. Fairview Avenue Properties, LLC*, No. 23-cv-01469, (Dkt. 140); Am. Complaint, *Haynes v. Fairview Avenue Properties, LLC*, No. 23-cv-01596, (Dkt. 27); Am. Complaint, *Abbas v. Mikosz*, No. 23-cv-01691 (Dkt. 133); Am. Complaint, *Sor v. TCF National Holdings, Inc.*, No. 23-cv-02401, (Dkt. 101); Am. Complaint, *Chen v. Chojnacki*, No. 23-cv-02520, (Dkt. 106); Am. Complaint, *Michel v. Chojnacki*, No. 23-cv-02546, (Dkt. 110); Complaint, *Said v. Chojnacki*, No. 23-cv-02858, (Dkt. 2); Complaint, *Hui v. Chojnacki*, No. 23-cv-03430; Complaint, *Fernandez v. Chojnacki*, No. 23-cv-04406, (Dkt. 1); Complaint, *Wiener v. Chojnacki*, No. 23-cv-16573, (Dkt. 1); Complaint, *Lin v. Chojnacki*, No. 24-cv-03725, (Dkt. 4); Second Am. Complaint, *Lanzetta v.*

*Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011) ("It is appropriate to accord limited corroborative weight to allegations in another's lawsuit.").

Rixer's arguments against the plausibility of Plaintiff's RICO claim are squarely foreclosed by the Court's prior Opinion on Defendants' first motion to dismiss. Rixer asserts that Plaintiff fails to state a claim that Rixer violated § 1962(c), because the Amended Complaint does not describe how Rixer committed two predicate acts, as required to satisfy the "pattern of racketeering activity" element. (Dkt. 113 at 1–5). As the Court previously concluded, Plaintiff sufficiently pleaded at least two predicate acts of wire fraud. (Dkt. 45 at 13–15). Those acts are sufficiently attributable to Rixer, because, as the Court concluded, Plaintiff plausibly alleges that Rixer knowingly participated in the asserted scheme to defraud by purchasing and reselling several properties to Plaintiff in coordination with other Defendants, including his purported agent Mikosz, who directly used the wires to communicate the misrepresentations, from which the predicate acts of wire fraud arise, in furtherance of the scheme to defraud. (*Id.*); *United States v. Powell*, 576 F.3d 482, 490 (7th Cir. 2009); *United States v. Jackson*, 546 F.3d 801, 815–16 (7th Cir. 2008) ("Even so, co-schemers are jointly responsible for one another's acts in furtherance of the scheme; so upon finding that Joe was a knowing participant in the scheme, the jury was free to hold him to account for any fraudulent misrepresentations that were made by Essie and/or Angela after he joined the scheme."); *United States v. Sheneman*, 682 F.3d 623, 630 (7th Cir. 2012) ("[T]here is no requirement that a defendant personally cause the use of the wire. Rather, it will suffice if the use of the wire 'will follow in the ordinary course of business, or where such use can

---

*11902 Longwood LLC*, No. 24-cv-11404, (Dkt. 9); Am. Complaint, *Nowakowski v. Chojnacki*, No. 24-cv-11565, (Dkt. 1).

be reasonably foreseen, even though not actually intended.' "); *United States v. Adeniji*, 221 F.3d 1020, 1026 (7th Cir. 2000).

Plaintiff thus states a plausible RICO claim under § 1962(c) (Count I). And because, as Rixer argues, Plaintiff's unjust enrichment claim (Count VI) turns on the RICO claim, Plaintiff also states a plausible claim of unjust enrichment. (Dkt. 113 at 4). Accordingly, the Court denies Rixer's Motion to Dismiss. (Dkt. 113).

## CONCLUSION

For the reasons above, the Court denies Rixer's Motion to Dismiss [118].

_____
Virginia M. Kendall
United States District Judge

Date: September 4, 2025